# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1867

_____

Tendayi Tafadzwa Mareya,      \*

     \*

     Petitioner,      \*

     \* Petition for Review

     v.      \* of an Order of the

     \* Board of Immigration Appeals.

Alberto Gonzales, Attorney General      \*

of the United States of America,      \* [UNPUBLISHED]

     \*

     Respondent.      \*

_____

Submitted: September 7, 2006
Filed: September 11, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Tendayi Mareya, a native and citizen of Zimbabwe, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed the decision of the immigration judge (IJ), denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

We first hold that we lack jurisdiction to review the BIA's determination that Mareya's asylum application was barred as untimely filed. See 8 U.S.C. § 1158(a)(3) ("[n]o court shall have jurisdiction to review any determination of the Attorney General under [8 U.S.C. § 1158(a)(2)]"); Tolego v. Gonzales, 452 F.3d 763, 766 (8th

Cir. 2006) ("this court lacks jurisdiction to review either the IJ's determination that the asylum application was not timely filed or the Attorney General's decision rejecting the applicant's complaint of changed circumstances").

With respect to Mareya's requests for withholding of removal or CAT relief, his own testimony showed that neither he nor any immediate family member was politically active; he never suffered harm in Zimbabwe based upon his social group or political opinion; and members of his immediate family were able to travel and live in Zimbabwe relatively safely. By contrast, his testimony supporting his claim of feared persecution was vague and speculative. We conclude that the evidence was not so compelling that a reasonable factfinder would be bound to find the requisite probability of persecution. Thus, the BIA's denials of withholding of removal and CAT relief are supported by substantial evidence in the record. See Wijono v. Gonzales, 439 F.3d 868, 872, 874 (8th Cir. 2006) (applicant seeking withholding of removal had burden to show clear probability of persecution; to overcome substantial-evidence review standard, applicant must show that no reasonable factfinder could fail to find requisite probability of persecution; independent analysis of CAT claim is not required if it was based upon same factual basis as withholding-of-removal claim).

The petition for review is denied. See 8th Cir. R. 47B.
_____